UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

Raphael Stein,

                Petitioner,

   – against –

Adeena Kohn,

                Respondent.

------------------------------------------------------------ x

7:22-cv-10683-VB

ECF Case

**CONFIDENTIALITY STIPULATION AND ~~[STRICKEN]~~ PROTECTIVE ORDER**

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

      1.     The following documents and information, produced within this matter, may be designated as "Confidential Information" pursuant to the terms set forth herein:

              a.     Sensitive personal data, including personal identifiers, financial information, tax records, and employer personnel records; and

              b.     Medical records, including medical files and reports.

      2.     If any party believes that a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the Court. Such application shall only be granted for good cause shown.

3.  Counsel for any party may designate any document or information (pursuant to paragraphs 1 or 2 above), in whole or in part, as Confidential Information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" on each page.

4.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-referenced action, including appeals to the above-referenced action (collectively, the "Litigation").

5.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6.  Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

 a. The requesting party and counsel;

 b. Employees of such counsel assigned to and necessary to assist in the Litigation;

 c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

2

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

    7.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

    8.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

    9.     Any Personally Identifying Information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity

theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, the parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of Litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Absent a motion to quash the subpoena or similar request, nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. This Order will survive the termination of the Litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

15. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.

Dated: July 7, 2023
New York, New York

| | |
|---|---|
| **COHEN & GRESSER LLP** | **KLEYMAN DOMESTIC RELATIONS LAW FIRM, P.C.** |
| *[signature]*<br>Joanna K. Chan | *[signature]*<br>Andriana Toscano |
| 800 Third Avenue, 21st Floor<br>New York, New York 10022<br>Phone: (212) 957-7600<br>jchan@cohengresser.com | One Rockefeller Plaza, 11th Floor<br>New York, New York 10020<br>Phone: (212) 401-1977<br>atoscano@kleymanfirm.com |
| *[signature]*<br>Seung Hyun (Calvin) Kim<br>300 Madison Ave<br>New York, NY 10017<br>(646) 471-3000<br>cshkim5@gmail.com | *Attorney for Respondent Adeena Kohn* |
| *[signature]*<br>Susanne Toes Keane<br>New York Legal Assistance Group<br>40 Foley Square, Room LL222<br>New York, New York 10007<br>(212) 613-5090<br>SKeane@nylag.org | |
| *Attorneys for Petitioner Raphael Stein* | |

SO ORDERED.

*[signature]*

Judge Vincent L. Briccetti
United States District Judge

7/10/2023

6

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Stein v. Kohn* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the Litigation.

Dated: _____, 20__

_____          _____
Name (printed)                                                    Signature

Signed in the presence of:

_____
(Attorney)